UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  9/29/21
```

-------------------------------------------------------------------X
                                :

UNITED STATES OF AMERICA,        :

                          :

         -against-         :      21-CR-00585 (VEC)

                          :

                          :        ORDER

JEREMY LAMBERT,           :

                   Defendant.    :

                          :

-------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on September 29, 2021, Defendant Jeremy Lambert was arraigned on the

Indictment and pled not guilty;

       IT IS HEREBY ORDERED THAT:

1.   The Government must produce all discovery by not later than **October 22, 2021**.

2.   All pretrial motions are due by **December 22, 2021**.  The Government's response is

    due not later than **January 19, 2022**.  Defendant's reply is due not later than

    **February 2, 2022**.

3.   The parties are directed to appear for a status conference on **Monday, February 7,**

    **2022, at 2:30 p.m.**

4.   In light of the logistical difficulties created by the COVID-19 pandemic, pursuant to

    18 U.S.C. § 3161(h)(7)(A), the period of time between September 29, 2021 and

    February 7, 2022, is excluded under the Speedy Trial Act.  The Court finds that the

    ends of justice served by accommodating those logistical difficulties outweigh the

    Defendant's and the public's interests in a speedy trial.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020), this order is entered to confirm the Government's disclosure obligations under *Brady* v. *Maryland*, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations.

The Government must disclose to the defense all information "favorable to an accused" that is "material either to guilt or to punishment" and that is known to the Government. *Id.* at 87. This obligation applies regardless of whether the defendant requests this information or whether the information would itself constitute admissible evidence. The Government shall disclose such information to the defense promptly after its existence becomes known to the Government so that the defense may make effective use of the information in the preparation of its case.

As part of these obligations, the Government must disclose any information that can be used to impeach the trial testimony of a Government witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny. Such information must be disclosed sufficiently in advance of trial in order for the defendant to make effective use of it at trial or at such other time as the Court may order.[1]

The foregoing obligations are continuing ones and apply to materials that become known to the Government in the future. These obligations also apply to information that is otherwise subject to disclosure regardless of whether the Government credits it.

In the event the Government believes that a disclosure under this Order would compromise witness safety, victim rights, national security, a sensitive law-enforcement technique, or any other substantial government interest, it may apply to the Court for a

---

[1] This Order does not purport to set forth an exhaustive list of the Government's disclosure obligations.

modification of its obligations, which may include in camera review or withholding or subjecting to a protective order all or part of the information otherwise subject to disclosure.[2]

For purposes of this Order, the Government has an affirmative obligation to seek all information subject to disclosure under this Order from all current or former federal, state, and local prosecutors, law enforcement officers, and other officers who have participated in the prosecution, or investigation that led to the prosecution, of the offense or offenses with which the defendant is charged.

If the Government fails to comply with this Order, the Court, in addition to ordering production of the information, may:

(1) specify the terms and conditions of such production;

(2) grant a continuance;

(3) impose evidentiary sanctions;

(4) impose contempt or other sanctions on any lawyer responsible for violations of the Government's disclosure obligations, or refer the matter to disciplinary authorities;

(5) dismiss charges before trial or vacate a conviction after trial or a guilty plea; or

(6) enter any other order that is just under the circumstances.

**SO ORDERED.**

Date:  **September 29, 2021**
      **New York, NY**

                                **VALERIE CAPRONI**
                              **United States District Judge**

---

[2]      The Classified Information Procedures Act sets forth separate procedures to be followed in the event that the Government believes matters relating to classified information may arise in connection with the prosecution. *See* 18 U.S.C. app. 3 §§ 1 *et seq.*