| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/23/21 |

------------------------------------------------------------------X
:
UNITED STATES OF AMERICA,                                              :
:
           -against-                                                 :      21-CR-00585 (VEC)
:
:              ORDER
JEREMY LAMBERT,                                                         :
                                   Defendant.       :
:
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

      WHEREAS on November 10, 2021, the Government moved for a protective order that would allow the Government to designate certain items "Disclosure Material" for use solely for purposes of defending this action and would allow the Government to mark three items as "Sensitive": (1) the audio version of a video created of a witness viewing a photo array; (2) audio of 911 calls; and (3) bodycam footage from officers who responded to the alleged shootout that includes interviews with witnesses and victims, Not. of Mot. at 1, Dkt. 13;

      WHEREAS Defendant Jeremy Lambert objects to the "Disclosure Material" designations generally as overbroad and the "Sensitive" designation for the three aforementioned items as unwarranted, *see generally* Def. Opp. at Dkt. 17; and

      WHEREAS protective orders may only be entered "for good cause," Fed. R. Crim. P. 16(d)(1);

      IT IS HEREBY ORDERED that the Government's motion for a protective order is GRANTED. The party seeking a protective order bears the burden of showing good cause, and such cause exists "when a party shows that disclosure will result in a clearly defined, specific

1

and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). The Court finds that the Government has carried its burden here.

Mr. Lambert's objection to protection of the Disclosure Materials rests primarily on the argument that the Government is pursuing "an internal policy-shift . . . to aggressively seek blanket protective orders." Def. Opp. at 1. Because most of the discovery in this case has already been produced with no protective order in place, the Court is not persuaded that this is part of a newly-minted practice in the U.S. Attorney's Office to seek overly broad protective orders in cases where such protection is unwarranted. As a general matter, material that affects individuals' privacy and confidentiality or would impede an ongoing investigation of uncharged individuals meets the good cause standard, Ex. A ¶ 1, Dkt. 13, although the specifics of the materials and the injury the Government alleges can affect that evaluation. As described by the Government, the protective order proposed in this case seems appropriate, but if there are specific items that appear to have been inappropriately designated as Disclosure Material that Defense Counsel believes should instead be available without restriction, the Court is willing to entertain a request for a modification of the protective order (if the parties cannot work out such a modification between themselves).

With respect to the Sensitive Disclosure materials, which make up the bulk of Defendant's objection, in its initial motion the Government provided somewhat conclusory statements that the disclosure of such materials "would raise safety concerns for the witness and victim(s)." Mot. at 1. The greater detail offered in the Government's reply to Defendant's opposition provides the good cause necessary to meet Rule 16(d)(1) and should have been in its initial application. The Government argues that all three items it seeks to designate as "Sensitive" could place witnesses to the alleged shootout in jeopardy. Gov. Reply at 2. The

potential for injury to witnesses is not remote, and redaction is not possible given the nature of these materials. *Id.* While the Court is sympathetic to the fact that this designation will create additional burdens for both defense counsel and Mr. Lambert, who will only be able to examine these materials during attorney visits, the potential for injury to the individuals whose voices and images can be heard and seen in these files outweighs this burden. Def. Opp. at 5.[1]

IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to close the open motion at Docket Entry 13.

**SO ORDERED.**

Date: November 23, 2021
New York, NY

**VALERIE CAPRONI**
**United States District Judge**

---

[1] The Government's argument that these items "are ancillary to the heart of this case" is irrelevant to its burden to show good cause. Gov. Reply at 2. But it is well-taken that prejudice to Mr. Lambert is minimized by the availability of redacted written copies of the audio and video files. *Id.*